2008 OK 54

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**David L. MORRIS, Respondent.**
**No. SCBD–5255.**

Supreme Court of Oklahoma.

June 3, 2008.

**ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

¶1 Disciplinary proceedings pursuant to Rules 8.1 and 8.2 of the Rules Governing

Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, are currently pending against attorney David L. Morris (Respondent). By affidavit dated March 14, 2008, Respondent Morris seeks to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law pending disciplinary proceedings. The Oklahoma Bar Association has presented an application to this Court for an order approving the resignation of Respondent Morris from membership in the Oklahoma Bar Association pending disciplinary proceedings. Upon consideration of the matter we find:

1. Respondent executed an affidavit on March 14, 2008, wherein he asks to be allowed to resign his membership in the Oklahoma Bar Association and thereby relinquish his right to practice law. Although he is aware his resignation is subject to the approval of the Oklahoma Supreme Court, Respondent intends it to be effective from the date and time of its execution and represents that he will conduct his affairs accordingly.

2. Respondent's resignation was freely and voluntarily tendered, he was not subject to coercion or duress, and he was fully aware of the consequences of submitting his resignation.

3. Respondent is aware of a Fourth Amended Complaint filed against him by Complainant on December 3, 2007, charging him with professional misconduct in violation of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001, Ch. 1, App. 3–A and the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A. Respondent is aware the burden of proof regarding the allegations set forth in the Fourth Amended Complaint rests on the Oklahoma Bar Association, but that he waives any and all right to contest the allegations.[1]

4. The Fourth Amended Complaint contains nine (9) separate counts of alleged misconduct and also avers that Respondent previously received a private reprimand at the hands of the Professional Responsibility Commission on June 30, 1995 in Oklahoma Bar Association Docket Case No. 1202.

5. The nine (9) counts summarized are:

a) Count I alleges that Respondent violated Rule 1.16(a) and (d), ORPC and Rule 1.3, RGDP, regarding conduct associated with his failure to properly withdraw from representing a client after the client had discharged him;

b) Count II alleges a violation of Rule 1.1, ORPC, concerning failure to provide competent representation in the matter(s) involved in Count I;

c) Count III alleges that he violated Rules 1.5 and 8.4(c), ORPC, by charging an excessive fee and misrepresenting certain work he claimed to have done in the matter(s) involved in Count I;

d) Count IV alleges that he violated Rules 3.3(a)(1), 3.3(d) and 8.4(c), ORPC, and Rules 1.3 and 5.2, RGDP[2], in that he obtained a judgment on behalf of a client in a divorce case against another attorney by means of fraud and misrepresentation to the trial court involved, and that his written response to Complainant in regard to the matter involved in Count IV contained one or more misrepresentations;

e) Count V alleges that Respondent violated Rules 1.2, 1.15, 5.3, 5.5, 8.4(c) and (d), ORPC, and Rules 1.3 and 1.4, RGDP. It involves allegations that Respondent, and/or his wife at his direction, misused his position as guardian and under a power of attorney for a client to wrongfully take money and real property belonging to the client for their

---

**1.** We note that at least some of the misconduct alleged in the Fourth Amended Complaint predates 2001.

**2.** Count IV of the Fourth Amended Complaint actually charges a violation of Rule 3.3(4)(d), rather than 3.3(d) of the Oklahoma Rules of Professional Conduct (ORPC). The reference to Rule 3.3(4)(d) is obviously a typographical error, as there is no Rule 3.3(4)(d) and the substance of the allegations in Count IV plainly intend to charge a violation of Rule 3.3(d), ORPC, which provides: "[i]n an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse."

personal use and benefit. It also alleges that some of the properties or monies generated thereby were to be used for a scholarship trust when the client passed away and that Respondent and his wife, at his direction, misrepresented to a court and the client's heirs facts surrounding the trust and trust property, and Respondent, as personal representative of the client's estate, filed an estate tax return that misrepresented the assets of the estate;

f) Count VI alleges that Respondent violated Rules 1.2, 1.15, 5.3, 5.5, 8.4(c) and (d), ORPC, and Rules 1.3 and 1.4, RGDP. It involves allegations that he and/or his wife, at Respondent's direction, over a period of about sixteen (16) years, misused money from an estate that was earmarked for a state university educational trust for their own personal benefit and that he made a false statement in a letter to the university concerning the matter;

g) Count VII alleges that Respondent violated Rules 1.2, 1.5, 1.14, 3.3, 4.2, 8.1 and 8.4(a), (c) and (d), ORPC, and Rules 1.3 and 1.4, RGDP, in that he made false representations to a court in regard to his effort to determine an attorney's lien, purported to represent a client without the client's consent, charged an unreasonable fee, and knowing a client was under a mental incapacity, he intentionally failed to act in the client's best interests and/or seek a guardian ad litem;

h) Count VIII alleges that Respondent violated Rules 4.1, 8.1(b) and 8.4(a) and (c), ORPC, and Rules 1.3 and 5.2, RGDP, in that he misrepresented the fact that a certain Last Will and Testament was executed on a certain date, thus, calling into question the validity of the document and he misrepresented the facts surrounding the execution of said Will in his response to the Oklahoma Bar Association; and

i) Count IX alleges that Respondent violated Rules 1.1, 1.3, 1.15, 3.3, 4.1 and 8.4(a) and (c), ORPC, and Rule 1.3, RGDP, in that he failed to provide competent representation and to act with reasonable diligence and promptness in a probate matter, and that he made one or more misrepresentations to a court and others in regard to the matter.

6. Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of our Order of approval of his resignation.

7. Respondent has agreed to comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings and he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the Rules Governing Disciplinary Proceedings.

8. Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients and he agrees that, should the Oklahoma Bar Association approve and pay such claims, he will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

9. The resignation pending disciplinary proceedings of respondent is in compliance with Rule 8.1 of the Rules Governing Disciplinary Proceedings.

10. Respondent's Oklahoma Bar Association number is 10412. His official roster address on the records maintained by the Oklahoma Bar Association is: David L. Morris, 8446 State Hwy 19, Ada, OK 74820.

11. Respondent acknowledges that the Oklahoma Bar Association has incurred costs in the amount of $4,128.20, as of March 12, 2008, for the investigation of this matter for which he may be assessed. He also acknowledges that the costs assessed against him shall be paid prior to any application for reinstatement of his license to practice law.

12. Respondent's resignation should be approved, effective March 14, 2008, the day he signed his affidavit regarding resignation pending disciplinary proceedings.

¶2 It is therefore **ORDERED** that Complainant's application for an Order approving

the resignation of Respondent, David L. Morris is approved and Respondent's resignation is accepted and approved, and his right to practice law is relinquished. The effective date of his resignation shall be March 14, 2008.

¶ 3 It is further **ORDERED** that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the date of March 14, 2008.

¶ 4 It is further **ORDERED** that Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings.

¶ 5 It is further **ORDERED** that Respondent shall pay costs in the amount of $4,128.20 to the Oklahoma Bar Association prior to reinstatement.

**DONE IN CONFERENCE BY ORDER OF THE SUPREME COURT THIS 2nd DAY OF JUNE, 2008.**

¶ 6 ALL JUSTICES CONCUR.